IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EBRAHIM ADKINS,

              Plaintiff,

     v.                                     CASE NO. 11-3005-RDR

SAM CROW and G. THOMAS VANBEBBER,

              Defendants.

**O R D E R**

This matter comes before the court on a pro se civil complaint filed by a former prisoner and titled as seeking a writ of mandamus. Having reviewed plaintiff's limited resources, the court grants plaintiff leave to proceed in forma pauperis.[1]

The two defendants named in this action are two federal district court judges who denied relief on a total of nine civil complaints plaintiff filed in the District of Kansas from 2004 to 2006.[2] Plaintiff now seeks the reversal and remand of the judgments

---

[1] Because plaintiff did not file this action while he was a "prisoner" as defined by 28 U.S.C. § 1915(h), he is not subject to the filing fee provisions in § 1915(b), or to the "3-strike" provision in § 1915(g).

[2] *Adkins v. Sapien*, Case No. 04-3391-GTV (dismissed as stating no claim for relief)(D.Kan., November 12, 2004), *appeal dismissed* (10th Cir., June 6, 2005)
    *Adkins v. Sapien,* Case No. 04-3392-GTV (dismissed as stating no claim for relief)(D.Kan., November 12, 2004), *appeal dismissed* (10th Cir., June 2, 2005)
    *Adkins v. Sapien*, Case No. 04-3427-GTV (dismissed as stating no claim for relief)(D.Kan., December 29, 2004), *appeal dismissed* (10th Cir., June 13, 2005)
    *Adkins v. Sapien*, Case No. 04-3434-GTV (dismissed without prejudice per § 1997e(a))(D.Kan., February 23, 2005)

entered in each of those cases, disciplinary action taken against the two defendants, a restraining order to prevent retaliation, and damages. Having reviewed plaintiff's complaint, the court finds this action should be summarily dismissed.

The court is to dismiss a case in which in forma pauperis status has been granted if at any time the court determines the action is "frivolous or malicious," seeks relief "from a person immune from such relief," or "fails to state a claim for relief." 28 U.S.C. § 1915(e)(2)(B). Although plaintiff is no longer a prisoner as defined in § 1915(h), § 1915(e)(2) applies to all litigants, prisoners and non-prisoners alike. *See e.g.*, *Michau v. Charleston County, S.C.*, 434 F.3d 725 (4th Cir.)(§ 1915(e) "governs IFP filings in addition to complaints filed by prisoners"), *cert. denied*, 548 U.S. 910 (2006). *See also Merryfield v. Jordan*, 584 F.3d 923, 926 (10th Cir.2009)(affirming dismissal of nonprisoner's complaint as frivolous and as stating no claim for relief, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii)); *Ruston v. Church of Jesus Christ of Latter-Day Saints*, 304 Fed.Appx. 666 (10th Cir. 2008)(§ 1915(e)(2)(B) dismissal of non-prisoner's frivolous complaint)(citing cases)(unpublished opinion, cited not as binding precedent

---

*Adkins v. Sapien*, Case No. 04-3460-GTV (dismissed as stating no claim for relief)(D.Kan., December 29, 2004), *appeal dismissed* (10th Cir., June 13, 2005)
 *Adkins v. Stening*, Case No. 04-3469-GTV (dismissed per § 1997e(c))(D.Kan., January 21, 2005)
 *Adkins v. Stening*, Case No. 05-3006-GTV (dismissed as stating no claim for relief)(D.Kan., January 21, 2005)
 *Adkins v. Sapien*, Case No. 06-3036-SAC (dismissed per § 1997e(a)(D.Kan., February 22, 2006), *aff'd* (10th Cir., August 2, 2006)
 *Adkins v. Werholtz,* Case No. 06-3155-SAC (dismissed per § 1915(g) and nonpayment of filing fee)(D.Kan., July 11, 2006)

2

but for its persuasive value, Fed.R.App.P. 32.1 and 10th Cir.R. 32.1).

Construing plaintiff's allegations liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and weighing all factual allegations not clearly baseless in plaintiff's favor, *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992), the court finds the instant action is subject to dismissal under all three provisions in § 1915(e)(2)(B) for the following reasons.

Plaintiff expressly states he is seeking relief from the final judgment entered in his nine civil cases. However, such relief is limited to that provided under Rule 60(b) of the Federal Rules of Civil Procedure,[3] through a motion filed in each case in which such relief is being sought. Plaintiff's attempt to pursue declaratory and injunctive relief by proceeding in a single action filed against the two district court judges assigned in those nine closed cases is misguided and legally frivolous.

Plaintiff may not used mandamus, or arguments sounding in 42

---

[3]Rule 60(b) provides in relevant part:
On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

3

U.S.C. § 1983, to avoid the requirements for seeking appellate review of the judgments entered in his nine cases, or as a substitute for pursuing the limited remedy available under Rule 60(b) for seeking relief from a judgment. Additionally, the Tenth Circuit would be the appropriate court for seeking mandamus relief to compel action in a district court case in the District of Kansas.

Also, plaintiff's request for a restraining order to prevent future retaliation by defendants is frivolous because there is no factual or legal support for this request. And plaintiff's request for damages is clearly barred by judicial immunity where nothing in plaintiff's allegations suggests any factual or legal basis that either defendant acted outside his judicial capacity or in the absence of all jurisdiction in adjudicating plaintiff's claims. *See Stump v. Sparkman*, 435 U.S. 349, 362-64 (1978)(doctrine of judicial immunity protects a judge from liability for the judge's official adjudicative acts); *Lundahl v. Zimmer*, 296 F.3d 936, 939 (10th Cir.2002)(same), *cert. denied*, 538 U.S. 983 (2003). *See also Mireles v. Waco*, 502 U.S. 9, 11 (1991)(showing required to overcome judicial immunity).

Finding it "patently obvious" that plaintiff can not prevail on the facts alleged against either defendant in this matter, and that amendment of the complaint would be futile to cure the defects identified herein, the court concludes the complaint should be dismissed. *Hall v. Bellmon*, 935 F.2d 1106, 1109-1110 (10th Cir. 1991).

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted.

IT IS FURTHER ORDERED that the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), and that plaintiff's motion for appointment of counsel (Doc.3) is denied as moot.

DATED: This 6th day of April 2011, at Topeka, Kansas.

s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge